___ FILED ___ ENTERED
___ LODGED ___ RECEIVED

MAY 21 2002 MF

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

CV 02-1122 #1

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

NORTHWEST SHEET METAL WORKERS ORGANIZATIONAL TRUST, JIM CRITCHLOW, PETER FLUETSCH, DAVID PARKS, DON WHITE, JEFF STOWE, FLOYD BURCHETT, KEITH NEMITZ and CHARLEY MULCAHY, Trustees of the Northwest Sheet Metal Workers Organizational Trust, NORTHWEST SHEET METAL WORKERS WELFARE FUND, PHILLIP C PETERSEN, BARON DERR, JERRY KINSLEY, BRENT MOORE, WARREN KITCHENS, CHARLEY MULCAHY, RICK SCHRADER, and RONALD SENGER, Trustees of Northwest Sheet Metal Workers Welfare Fund; NORTHWEST SHEET METAL WORKERS PENSION FUND; ROBERT M CARLTON, JR , DONALD DOKKEN, FLOYD BURCHETT, KEITH NEMITZ, RICHARD MILLER, MIKE NELSON, TIM KESTER, DOUG McCLAUGHRY, FLOYD F. REICHERT, and RON SENGER, Trustees of Northwest Sheet Metal Workers Pension Fund, NORTHWEST SHEET METAL WORKERS SUPPLEMENTAL PENSION TRUST; ROBERT M. CARLTON, JR., DONALD DOKKEN, FLOYD BURCHETT, KEITH NEMITZ, RICHARD MILLER, MIKE NELSON, TIM KESTER, DOUG McCLAUGHRY, FLOYD F REICHERT and RON SENGER, Trustees of Northwest Sheet Metal Workers Supplemental Pension Trust, N. E WASHINGTON AND NORTHERN IDAHO SHEET METAL TRAINING TRUST; ROBERT W. BRANDT, RICHARD E. PANSIE, RICHARD SCHRADER, FLOYD BURCHETT, TRACY JOHNSON, Trustees of N E Washington and Northern Idaho Sheet Metal Training Trust, and SHEET METAL WORKERS LOCAL 66,

       Plaintiffs,

  v

CENTRAL HEATING AND PLUMBING INC

       Defendant

NO. CV02-1122

COMPLAINT FOR MONIES DUE AND FOR INJUNCTIVE RELIEF

---

COMPLAINT FOR MONIES DUE AND FOR INJUNCTIVE RELIEF - 1

ORIGINAL

WEBSTER, MRAK & BLUMBERG
1422 SENECA STREET
SEATTLE, WASHINGTON 98101
(206) 223 0344

## JURISDICTION AND VENUE

1   This is an action brought pursuant to Section 301 of the National Labor Relations Act, as amended (hereafter "the Act"), 29 U.S.C § 185, and Section 502 of the Employee Retirement Income Security Act of 1974 (hereafter "ERISA"), 29 U.S.C § 1132  Jurisdiction and venue are conferred upon this Court by 29 U.S.C §§ 185(a), 1132(a), (e) and (f).

## PARTIES

2   Plaintiff NORTHWEST SHEET METAL WORKERS ORGANIZATIONAL TRUST (hereafter "Northwest Organizational Trust") is a labor-management pension trust fund created pursuant to the provisions of Section 302(c) of the Act, 29 U.S.C § 186(c), and authorized to sue in its own name by Section 502(d)(1) of ERISA, 29 U.S.C § 1132(d)(1)  Plaintiff Northwest Organizational Trust is administered in the State of Washington from its place of business at 33919 9th Avenue South, Suite 103, Federal Way, WA 98003.

3.   Plaintiffs JIM CRITCHLOW, PETER FLEUSTCH, DAVID PARKS, DON WHITE, JEFF STOWE, FLOYD BURCHETT, KEITH NEMITZ, and CHARLEY MULCAHY (hereafter "Northwest Organizational Trust Trustees") are the Trustees of plaintiff Northwest Organizational Trust  They have been appointed and qualified as trustees pursuant to the Trust Agreement establishing plaintiff Northwest Organizational Trust

4   Plaintiff NORTHWEST SHEET METAL WORKERS WELFARE FUND (hereafter "Welfare Trust") is a labor-management health and welfare trust fund created pursuant to the provisions of Section 302(c) of the Act, 29 U.S.C § 186(c), and authorized to sue in its own name by Section 502(d)(1) of ERISA, 29 U.S.C § 1132(d)(1)  Plaintiff Welfare Trust is administered in the State of Washington.

5.   Plaintiffs PHILLIP C. PETERSEN, BARON DERR, JERRY KINSLEY, BRENT MOORE, WARREN KITCHENS, CHARLEY MULCAHY, RICK SCHRADER, and RONALD SENGER, (hereafter "Welfare Trustees") are the Trustees of plaintiff Welfare Trust.  They have been appointed and qualified as trustees pursuant to the Trust Agreement establishing plaintiff Welfare Trust

6    Plaintiff NORTHWEST SHEET METAL WORKERS PENSION FUND (hereafter "Pension Trust") is a labor-management pension trust fund created pursuant to the provisions of Section 302(c) of the Act, 29 U S C. § 186(c), and authorized to sue in its own name by Section 502(d)(1) of ERISA, 29 U S C § 1132(d)(1). Plaintiff Pension Trust is administered in the State of Washington

7.    Plaintiffs ROBERT M. CARLTON, JR , DONALD DOKKEN, FLOYD BURCHETT, KEITH NEMITZ, RICHARD MILLER, MIKE NELSON, TIM KESTER, DOUG McCLAUGHRY, FLOYD F REICHERT, and RON SENGER, (hereafter "Pension Trustees") are the Trustees of plaintiff Pension Trust. They have been appointed and qualified as trustees pursuant to the Trust Agreement establishing plaintiff Pension Trust

8    Plaintiff NORTHWEST SHEET METAL WORKERS SUPPLEMENTAL PENSION TRUST (hereafter "Supplemental Pension Trust") is a labor-management pension trust fund created pursuant to the provisions of Section 302(c) of the Act, 29 U S C § 186(c), and authorized to sue in its own name by Section 502(d)(1) of ERISA, 29 U S C § 1132(d)(1). Plaintiff Pension Trust is administered in the State of Washington

9.    Plaintiffs ROBERT M. CARLTON, JR , DONALD DOKKEN, FLOYD BURCHETT, KEITH NEMITZ, RICHARD MILLER, MIKE NELSON, TIM KESTER, DOUG McCLAUGHRY, FLOYD F REICHERT and RON SENGER, (hereafter "Supplemental Pension Trust Trustees") are the Trustees of plaintiff Supplemental Pension Trust  They have been appointed and qualified as trustees pursuant to the Trust Agreement establishing plaintiff Supplemental Pension Trust Trustees

10    Plaintiff N E WASHINGTON-NORTHERN IDAHO SHEET METAL TRAINING TRUST (hereafter "Training Trust") is a labor management training fund created pursuant to the provisions of Section 302(c) of the Act, 29 U.S.C § 186(c), and authorized to sue in its own name by Section 502(d)(1) of ERISA, 29 U S C. § 1132(d)(1). Plaintiff Training Trust is administered in the State of Washington. Plaintiff Training Trust has delegated authority to collect contributions and attendance delinquency charges to plaintiff Welfare Trust

COMPLAINT FOR MONIES DUE AND FOR INJUNCTIVE RELIEF - 3

11  Plaintiffs ROBERT W. BRANDT, RICHARD E PANSIE, RICHARD SCHRADER, FLOYD BURCHETT, TRACY JOHNSON and JEROME SIREK, Trustees of the N E. Washington-Northern Idaho Sheet Metal Training Trust, (hereafter "Training Trust Trustees") are the Trustees of plaintiff Training Trust. They have been appointed and qualified as trustees pursuant to the Trust Agreement establishing plaintiff Training Trust

12  Plaintiff SHEET METAL WORKERS LOCAL 66 ("Local 66") is a labor organization It represents for purposes of collective bargaining persons who are employed in the construction industry. That industry affects commerce within the meaning of the Act.

13.  Defendant CENTRAL HEATING AND PLUMBING INC ("Defendant"), is a sheet metal contractor and is a party to a collective bargaining agreement with Local Union 66, and has employed or does employee persons represented by Local 66  Defendant's principal place of business is 619 West J Street, Yakima, WA  98902

## CLAIM FOR RELIEF

14  Plaintiffs incorporate by reference as though set forth fully herein paragraphs 1 through 13 above

15.  The collective bargaining agreement between Defendant and Local 66 was in effect at all times material hereto  By that agreement Defendant became obligated to make monthly contributions to plaintiffs Welfare, Pension, Supplemental Pension, Organizational, and Training Trusts on behalf of employees represented by Local 66

16.  Defendant has also agreed to and has received money from its Local 66 employees, as part of the employees' after-tax wages, which Defendant is and was obligated on a monthly basis to deposit into each employee's account, or submit to Local 66 as part of each employee's dues obligation Defendant holds such money in trust.

17.  Payments due to the Welfare, Pension, Supplemental Pension, Organizational, and Training Trusts, and the amounts of employees' after-tax wages held in trust by Defendant, are calculated pursuant to a contribution reporting form required to be prepared monthly by Defendant

COMPLAINT FOR MONIES DUE AND FOR INJUNCTIVE RELIEF - 4

WEBSTER, MRAK & BLUMBERG
1422 SENECA STREET
SEATTLE WASHINGTON 98101
(206) 223 0344

18. The completed contribution reporting form and accompanying payment are due at the Welfare office and address within fifteen (15) days after the end of each calendar month and are considered delinquent if not received within 20 days after the end of each calendar month

19 For the period beginning February 2002 and continuing to the present, Defendant has failed either timely or entirely to file its contribution reporting forms and to make payments due to plaintiffs despite its obligation under the collective bargaining agreements to do so and despite demand by plaintiffs.

20. The dollar amount due plaintiffs cannot be ascertained without reviewing defendant's employment records for the period in question.

21 Unless ordered by this Court, Defendant will continue to refuse to file contribution reporting forms and to pay to the Welfare, Pension, Supplemental Pension, Organizational, and Training Trusts, and Local 66 the payments due them. As a result, plaintiffs will be irreparably damaged

22 In addition to the unpaid contributions, plaintiffs are entitled to the following pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g), and Section 301 of the Act, 29 U.S.C § 185, as amended:

    (a) Interest on the unpaid or delinquent contributions,

    (b) An amount equal to the greater of

        (i) interest on the unpaid contributions (hereinafter "penalty"), or

        (ii) liquidated damages in an amount equal to 20% of the amount awarded as unpaid or delinquent contributions, as provided for in the Trust Agreement (hereinafter "liquidated damages"), and

    (c) Reasonable attorneys' fees and the costs of this action.

23. A copy of this complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by ERISA, 29 U.S.C. § 1132(h)

WHEREFORE, plaintiffs demand judgment against the Defendant.

1.      Obligating Defendant to pay to plaintiffs Welfare, Pension, Supplemental Pension, Organizational, and Training Trusts, and Local 66, the full amount of contributions owing to it for the period from February 2002 to date of judgment, with the proper amount of interest and with a penalty or liquidated damages as established by Section 502(g) of ERISA, 29 U.S.C § 1132(g), the Trust Agreement, and the collective bargaining agreement;

2      Restraining and enjoining Defendant, its officers, agents, servants, attorneys, and all persons acting on its behalf or in conjunction with it from: (a) refusing to file contribution reporting forms due to plaintiffs Welfare, Pension, Supplemental Pension, Organizational, and Training Trusts, and Local 66 for the period from February 2002 to the date of judgment, and for all periods thereafter for which Defendant is obligated to file such reports under the terms of the collective bargaining agreement, and (b) refusing to pay to plaintiffs Welfare, Pension, Supplemental Pension, Organizational, and Training Trusts, and Local 66 all funds, including interest, penalties, and liquidated damages, due for the period February 2002 to the date of judgment, and for all periods thereafter for which Defendant is obligated to make payments under the terms of the collective bargaining agreement,

3      Requiring Defendant to pay to plaintiffs reasonable attorneys' fees and the costs of this action as set forth in Section 502(g) of ERISA 29 U S.C. § 1132(g), and

4      Granting plaintiffs such further and other relief as may be just and proper

DATED this 21th day of May, 2002

WEBSTER, MRAK & BLUMBERG

_____
MARK E. BRENNAN, WSBA No 8389
Attorneys for Plaintiffs

437 052102 complaint

COMPLAINT FOR MONIES DUE AND FOR INJUNCTIVE RELIEF - 6